54 F.3d 772
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Charles Thomas CURRY, Plaintiff-Appellant,
v.
ALAMANCE HEALTH SERVICES; Deloris Brookshire, in her
official capacity as Personnel Director; Jim Stifle, in his
official capacity as Supervisor of Environmental Services;
Richard Donahey, in his official capacity as Vice President
of Human Resources; Pat Enoch, in her official capacity as
Human Resources Representative, Defendants-Appellees.
 No. 94-2051.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 20, 1995.
Decided May 22, 1995.
 
 Charles Thomas Curry, Appellant Pro Se. James Bernard Spears, Jr., Stephen Douglas Dellinger, HAYNSWORTH, BALDWIN, JOHNSON & GREAVES, Charlotte, NC, for Appellees.
 Before WIDENER, WILKINSON, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Charles Thomas Curry appeals from the district court's order granting summary judgment in favor of Defendants and dismissing his employment discrimination action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. Sec. 2000e (West 1994), and the Civil Rights Act of 1991, 42 U.S.C.A. Sec. 1981 (West 1994). Curry alleged discrimination on the basis of his race (black) and sex (male).
 
 
 2
 Our review of the record and the district court's opinion discloses that this appeal is without merit. Curry failed to establish a prima facie case of employment discrimination. See Alvarado v. Board of Trustees, 928 F.2d 118, 121 (4th Cir.1991); see also McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Moreover, he failed to rebut the legitimate, nondiscriminatory reason Defendants proffered to support their termination of Curry. See Conkwright v. Westinghouse Elec. Corp., 933 F.2d 231, 234-35 (4th Cir.1991); Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253, 256 (1981). Accordingly, we cannot say that the district court's finding of non-discrimination was clearly erroneous. Anderson v. Bessemer City, 470 U.S. 564, 574 (1985). We therefore affirm the district court's order.*
 
 
 3
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 4
 AFFIRMED.
 
 
 
 *
 While the district court failed to address Curry's claim under the Civil Rights Act of 1991 in its opinion, we note that this statute is not applicable to preenactment conduct. See Rivers v. Roadway Express, Inc., 62 U.S.L.W. 4271, 4275 (U.S.1994). Because Defendants' actions occurred prior to the enactment of the Civil Rights Act of 1991, Curry cannot maintain a claim under this provision